NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMY ENTERPRISES, LLC, a New Jersey Corporation, | Civil Action No. 06-cv-5667 (PGS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| E&S FOOD SERVICE CORP., a New York Corporation, | |
| Defendant | |
| E&S FOOD SERVICE CORP., a New York Corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| JEFFREY LEHMANN, a New Jersey resident, and LEHMANN COLORADO CORP., a New Jersey Corporation, | |
| Third-Party Defendants. | |

WHEREAS the Court has received Plaintiff and Third Party Defendants' motion to amend the complaint and to re-open discovery; and

WHEREAS the Court has reviewed all the papers submitted by the parties; and

WHEREAS the Court finds that, as it sits in diversity, it must apply the substantive law of New Jersey, including its choice-of-law rules in accordance with *Robeson Indus. Corp. v.*

*Hartford Accident & Indem. Co.*, 178 F.3d 160, 165 (3d Cir. 1999); and

WHEREAS the Court must therefore utilize New Jersey's governmental-interest standard for conflict of laws, which requires the application of a two-pronged analysis to uncover which state has the greatest interest in resolving the underlying issue, in accordance with *Veazey v. Doremus*, 510 A.2d 1187,1189-90 (N.J. 1986); and

WHEREAS, the Court finds that, given the circumstances set forth by the parties, it is not possible to resolve the first prong of the *Veazey* analysis, which is to determine whether there exists an actual conflict of laws as to the New Jersey Fraudulent Transfer Act, N.J.S.A. § 25:2-20 *et seq.* and the New York Uniform Fraudulent Conveyance Act, N.Y. Debt. & Cred. Law § 270 *et seq.* (Consol. 2009); and

WHEREAS the Court finds that the second prong of the *Veazey* should be resolved in favor of the law of the State of New York given that the transfers in question were between New York corporations in the State of New York, and given also that the only connection to New Jersey is the fact that the rights of a New Jersey creditor may be affected by the transaction; and

WHEREAS this Court finds that joinder of the fraudulent transfer claim would be improper at this time, on the eve of trial, given the fact that the limited discovery proposed by the Plaintiff and Third Party Defendants, would prejudice the Defendant/Third Party Plaintiff as to this claim; and

WHEREAS this Court finds that the Entire Controversy Doctrine would not bar the Plaintiff and Third Party Defendants from seeking relief as to their claims given the law of this Circuit, to wit: *Paramount Aviation Corp. v. Gruppo Agusta*, 178 F.3d 132, 139-42 (3d Cir.), *cert. denied*, 528 U.S. 878 (1999) (interpreting *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883 (3d Cir. 1997), *Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co.*, 662 A.2d 536

(N.J. 1995), and *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592 (N.J. 1991), as standing for the principle that the issuing court's procedural rules govern issue preclusion, and that the *deliberate* failure to seek relief shall operate to preclude a claim later brought in a New Jersey state court); and

WHEREAS, this Court finds that, should a verdict be rendered in favor of Plaintiff and Third Party Defendants, appropriate steps can be taken post-judgment to investigate allegedly fraudulent conveyances between Defendant/Third Party Plaintiff and Meat Innovations, Inc.;

NOW THEREFORE, IT IS on this 7 day of May 2009

ORDERED that Plaintiff and Third Party Defendant's Motion to Amend the Complaint and Reopen Discovery be and hereby is denied; and it is further

ORDERED that trial in this matter shall commence as scheduled on May 11, 2009.

May 7, 2009

_____
PETER G. SHERIDAN. U.S.D.J.