UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMY ENTERPRISES, LLC, a New Jersey Corporation, | Civil Action No. 06-cv-5667 (PGS) |
| Plaintiff, |  |
| v. | **OPINION** |
| E&S FOOD SERVICE CORP., a New York Corporation, |  |
| Defendant |  |
| E&S FOOD SERVICE CORP., a New York Corporation, |  |
| Third-Party Plaintiff, |  |
| v. |  |
| JEFFREY LEHMANN, a New Jersey resident, and LEHMANN COLORADO CORP., a New Jersey Corporation, |  |
| Third-Party Defendants. |  |

This matter comes before the Court on Plaintiff Jamy Enterprises's ("Jamy's") motion for award of attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and to alter the judgment pursuant to Rule 59(e) to include interest, costs, and contractual penalty charges. Defendant E&S Food Service Corporation ("E&S") cross-moved for costs as well. Additionally, E&S moved to set aside the verdict pursuant to Rule 50. The Court will address each of these motions in turn.

1

**I.      Motion for Legal Fees**

Since this motion for legal fees implicates other actions which occurred before and during trial about the imposition of legal fees as an element of damages, some limited relevant facts are presented.

The trial occurred between May 11 and May 22, 2009 before a jury of eight persons. Among other things, the jury determined that Jamy was entitled to $262,538.47 from E&S for its breach of the Lease; but a second claim for breach of a shareholder agreement was "no caused" by the jury. Section 25.C of the Lease provides for fees. It states:

> C. Landlord may sue for and collect any amounts which may be due pursuant to the provisions of Section 27.B from time to time as landlord may elect, but no such suit shall bar or in any way prejudice the rights of landlord to enforce the collection of amounts due at any time or time thereafter by a like or similar proceeding. All legal fees and expenses incurred by Landlord in enforcing its rights under this Lease shall be deemed Additional Rent and due and payable by Tenant upon demand. In the event Landlord brings any summary action for dispossession of Tenant for failure to pay rent, Landlord's attorney's fee and legal expenses shall be added to and included as part of the rent due and owing by Tenant with respect to the periods in default. Tenant expressly waives any and all rights to recover or regain possession of the Premises, or to reinstate or to redeem this Lease, or other right of redemption as permitted or provided by or under any statute, law or decision now or hereafter in force and effect.

As such a claim for legal fees by Jamy was always part of the case. In the Final Joint Pre-Trial Order (FPTO), legal fees were enumerated as part of the damages sought. In the FPTO, Jamy set forth its claim within the contested facts. At one point the FPTO reads:

> Pursuant to Section 25.C of the Lease, E&S is liable to Jamy for its legal fees and costs incurred in connection with its lawsuit to collect both Annual Basic Rent and Additional Rent due and owing to Jamy. To date, Jamy's fees in connection with this lawsuit total

      $146,299.70. This amount will continue to increase as the matter proceeds to trial.

 Thus, Jamy asserted that damages under the contract may include attorney's fees and that this was an issue to be presented at trial, if appropriate. Moreover, in another section of the FPTO, E&S disclaims legal fees are due. "E&S is not liable to Jamy for Jamy's legal fees and costs pursuant to 25.C [legal fee section] of the purported Lease." (FPTO 56.) Clearly, this was a contested issue that both parties understood was an element that went to damages under the Lease. Additionally, in Section 3 of the FPTO, both parties stipulated that section 25 [legal fees provision] of the Lease was germaine. At trial, the entire Lease was submitted to the jury as evidence.

 Peculiarly, Plaintiff's counsel in his opening remarks advised the jury about legal fees. Mr. Strocco averred: "As I said, the Judge is going to instruct you again. Your purpose is to determine whether or not the defendant lied to Jamy, to Lehmann Colorado, for breach of a Lease, breach of good faith and the amount of money that is owed Mr. Lehmann. If you rule in favor of Jamy under the Lease, it also includes fees but the Court will address that." But for this one statement, there was no other discussion about legal fees at trial. The Court was never requested to "address" the issue during the jury trial. In addition, the Plaintiffs submitted to the jury a handwritten document (Exhibit P-161) of Mr. Lehman outlining his damages; however Mr. Lehman never mentioned legal fees in his testimony. The list of damages included:

    Exhibit P-161

| | |
|---|---|
| Insurance | $8,307.77 |
| PSE&G | $13,385.73 |
| United Water | $843.37 |
| Bldg Rental | $24,485.60 yearly |
| Value 40% E&S | $677,000.00 |

|                              |            |
|------------------------------|------------|
| Lost Pay                     | $5000.00   |
| Truck Rental Const. Leasing  | $1,800.00  |
| Diesel Fuel                  | $350.00    |
| Payment (cash) to Employees  | $4,400.00  |

One would surmise if legal fees on the lease were at issue, Mr. Lehman would have itemized them in Exhibit 161 like the other expenditures. With regard to the legal fees, Plaintiff's counsel submitted an affidavit in favor of same. It asserts that $4,045.35 is directly attributable to fees assocated with collection of rent. In addition, the affidavit asserts that $462,839.88 for "overall case services" (OCS) refers to all fees related to the litigation other than fees related directly to the lease or the shareholder agreement.

Law

There are two independent reasons for denying the legal fees claim. They are (a) the fees are pursuant to the contract and do not fit within Rule 54(d)(2); and (b) the fees requested are unreasonable.

**A.    Rule 54(d)(2)**

Presently, Jamy moves the Court pursuant to Rule 54(d)(2) to award it attorney's fees with respect to the judgment in its favor concerning breach of the Lease. New Jersey substantive law applies to this fee-shifting motion[1].

Pursuant to Rule 54(d)(2) "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Further, the advisory committee notes to Rule 54 provide

---

[1] The Lease contains a choice of law provision that expressly provides that the Lease shall be governed by the laws of the State of New Jersey. No objections have been raised to the application of New Jersey substantive law.

that it does not "apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury." Fed. R. Civ. P. 54(d)(2) advisory committee's note.

Defendants argue in their opposition to Plaintiff's post-trial motion that "Jamy waived its claim to attorney's fees and expenses by not submitting a claim for them to the jury." This Court must determine whether New Jersey law requires that fees provided for in a contract must be proved as an element of damages at trial, or if they can properly be brought as a post-trial motion under Rule54(d)(2).

### B. Contractual Fee-shifting Under New Jersey Law

New Jersey courts allow parties to a contract to shift liability for attorney's fees. *See Lehman Commercial Paper, Inc. v. Karagjozi*, 2008 WL 5451051, at *7 (D.N.J. 2008) (citing *Dare v. Freefall Adventures*, 349 N.J. Super. 205 (App. Div. 2002)). New Jersey courts will strictly construe contractual provisions providing for fee-shifting because of the general policy in New Jersey of disfavoring the award of attorney's fees. *Id.* (citing *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 569 (1999)).

Moreover, under New Jersey law, a claim for attorney's fees pursuant to a contractual arrangement is an element of damages that must be pleaded and proved during trial. *Sokoloff v. Gen. Nutrition Cos., Inc.*, 2001 WL 536072, at *6-7 (D.N.J. May 21, 2001) (citing *Cohen v. Fair Lawn Dairies, Inc.*, 86 N.J. Super. 206, 215-16 (App. Div. 1965), *aff'd*, *Cohen v. Fair Lawn Dairies, Inc.*, 44 N.J. 450 (1965); *accord Cunningham v. Fin. Modeling Concepts, Inc.*, 2006 WL 2986616, at *5 (N.J. Super. App. Div 2006) ("The enforcement and award of attorney's fees to an aggrieved party pursuant to contractual provisions is tantamount to adjudicating damages for breach of contract.");

*Belfer v. Merling*, 322 N.J. Super. 124, 141 (App. Div. 1999) ("A claim for attorney's fees pursuant to a contractual agreement . . . is an element of damages which must be proved in the same manner as any other item and which must be assessed by the finder of fact as a matter of right and in the actual amount established by the proofs.") (citing *Jennings v. Cutler*, 288 N.J. Super. 553, 567 (App. Div.1996)), *cert. denied*, 162 N.J. 196 (1999).

The *Cohen* court held that a party seeking contractual attorney's fees "must prove their damages in respect of the obligation of legal expenses in the same manner as they would any other item of damages. There must be plenary proof, not merely by Ex parte affidavit . . . ." 86 N.J. Super. at 216. The New Jersey Supreme Court upheld the *Cohen* decision and added that in certain cases "where the trial proceeding dealt primarily with other substantive issues, where an affidavit of services was filed for fees, and where the other party submitted no opposition, there would be no compelling reason to require plenary proof for the award of contractual counsel fees." *Cohen*, 44 N.J. at 452. This exception does not apply to the circumstances here. All parties were aware that attorney's fees under the contract were a contested factual issue to be decided at trial, and that the attorney's fees were a substantive part of Jamy's damages claim concerning the Lease – as E&S thought. Under New Jersey law, contractual provisions for attorney's fees should be decided by the trier of fact; and not through a motion after trial.

### C.     Reasonableness of Fees

In addition to the above, there is a second independent reason to deny legal fees. That is, the Plaintiff bears the burden of proof to establish reasonableness of the fees with regard to the Lease. *Allegro Freight, Inc. v. World Trucking Exp., Inc.*, 2008 WL 4601926, 2 (D.N.J. Oct. 10, 2008) (citing *Washington v. Philadelphia County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996). As stated

above, Plaintiff identifies $4,045.35 as legal work directly related to the Lease; and claims another $462,839.88 for "overall case services." The OCS relates to services on all matters within the litigation exclusive of the fee directly attributable to the Lease and Shareholders Agreement. The OCS lacks credibility because one can not decipher to any degree of certainty that the OCS would have occurred to this extent if only the Lease were in issue. For example, the damages for the breach of Lease are approximately the amount the jury found ($262,538.47). From a business viewpoint, if the Lease were the only issue, Jamy's principal (Mr. Lehman) together with Mr. Stracco, his lawyer, would have devised a more efficient case which expended less fees than the amount awarded. As a consequence, the OSC would not have been so dramatically different. Legal fees must be reasonable and fair under the circumstances. *Id.* at *3. Jamy is not be entitled to fees for the remaining claim concerning the breach of the Shareholders Agreement where it did not prevail. The OCS is not a reasonable measure of Jamy's fees for breach of Lease.

**II.    Remaining Post-Trial Motions for Costs and Interest**.

      **A.    Late Penalties Under Lease and Prejudgment Interest**

The Court denies Jamy's remaining motion to amend the judgment for late charges pursuant to paragraph 8D of the Lease for the amount $11,742.64 and for prejudgment interest in the amount of $41,060.93. Whether the late fee penalty in the Lease should have increased damages is an issue that should have been presented to the jury. To the Court's knowledge, the jury very well may have considered the late penalty during its deliberations as it reviewed the Lease in its entirety.

Moreover, under New Jersey law, the award of prejudgment interest for claims arising in contract is subject to the discretion of the trial court. *Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc.*, 63 F.3d 262, 284 (3d Cir. 1995). An award for prejudgment interest is "'to

indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed.'" *Id.* (citing *Ellmex Constr. Co., Inc. v. Republic Ins. Co.*, 202 N.J.Super. 195 (App. Div.1985), *cert. denied*, 103 N.J. 453 (1986)).  In *Cooper*, the case concerned a franchise agreement, and the court found that at no time prior to the judgment did the defendant have use of plaintiff's property.  Likewise, E&S vacated the Premises ten days after entering the Lease with Jamy.  While Jamy was awarded damages for E&S's breach of the Lease it would be inequitable to hold that E&S should be responsible for a loss of value to the Premises where it was no longer in possession of it prior to the judgment.  The Court denies Jamy's motion for prejudgment interest.

### B. Motions for Costs

Jamy has moved the Court to award costs under Rule 54(d)(1) and E&S has cross-moved for costs against Jamy.  Each party has prevailed on at least some claims under the Lease or Shareholders Agreement.  The Court finds that E&S's cross-motion for costs should offset Jamy's motion for costs.  Pursuant to Rule 54(d)(1) "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Third Circuit has held that "[b]y mandating that, subject to court intervention, costs be allowed to a prevailing party as of course, the rule creates the strong presumption that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000).  However, the Court still has discretion to deny costs but "must support the determination with an explanation." *Id.*  Jamy asserts that should the Court determine that E&S is entitled to costs, such an award to E&S should be offset by judgment in favor of Jamy. After reviewing the papers and various affidavits in this case, the Court finds that an off setting of

costs between Jamy and E&S obtains the most equitable result. *See, e.g.*, *Hobson Constr. Co., Inc. v. Max Drill, Inc.*, 158 N.J. Super. 263, 266-267 (App. Div. 1978) ("There is no question that a court has the right to set off one judgment against another . . . . This power is inherent in the ability and right of the court to control its judgments in order to achieve justice and equity.") (internal citations omitted). The *Paoli* court held that, "[t]he general rule in this circuit and others is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fits."

Here, the case concerned two contracts that had been entered by the parties–a Lease and a Shareholders Agreement. While Jamy was the prevailing party concerning the breach of contract as to the Lease only, E&S prevailed as to a claim brought by Mr. Lehmann (the principal of Jamy) alleging breach of the Shareholders Agreement. Each party prevailed on certain issues relating to each of these contracts. As it is within the Court's equitable power to apportion court costs, the Court holds that the costs of E&S and Jamy should be off-set against one another, no costs are awarded.

**III.    E&S's Motion to Set Aside the Verdict Pursuant to Fed. R. Civ. P. 50.**

The Court denies E&S's motion to set aside the verdict as a matter of law. Rule 50 provides that a court may set aside a verdict as a matter of law where it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The Third Circuit has established a strict standard for a court to set aside a verdict: "A judgment notwithstanding the verdict may be granted under Fed. R. Civ. P. 50(b) 'only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.'" *Danny Kresky Enters. Corp. v. Magid*, 716 F.2d 206, 209 (3d Cir.

1983) (citing *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 101 (3d Cir. 1977)).  The court further held that "[i]n considering a motion for judgment n.o.v., the court 'must expose the evidence to the strongest light favorable to the party against whom the motion is made and give him the advantage of every fair and reasonable inference.'"*Id.* (citing *Inventive Music Ltd. v. Cohen*, 617 F.2d 29, 31 (3d Cir.1980)).

E&S has presented no evidence in their post-trial briefs that comes close to the standard articulated by the Third Circuit.  After reviewing the testimony of the witnesses at trial, the record was clearly not "critically deficient of the minimum quality of evidence" to sustain a verdict.  The Court reaches the exact opposite conclusion.  Several witnesses testified on behalf of both parties over an eleven day trial.  E&S argues that the jury's failure to read the Lease and the Shareholders Agreement together as one instrument was a misapplication of law.  The Court finds this argument entirely without merit.  From the very beginning this was a contested fact between the parties.  The very first contested issue placed before the jury was "Do you find that the Lease and Shareholders Agreement should be decided as a single integral contract as opposed to two separate ones?"  The jury's reasonable conclusion, after weighing the evidence and testimony presented, was that the two instruments were distinct contracts.  Because the jury found that a breach of contract occurred under the Lease and not under the Shareholders Agreement does not warrant the defendants to a judgment as matter of law.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

**October 7, 2009**